IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| KHALED ABDALLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-02041 |
| | ) | |
| TENNESSEE DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT

Before the Court is Defendant Tennessee Department of Corrections' ("Defendant") April 29, 2020 Motion to Dismiss Complaint (the "Motion"). (D.E. No. 13.) Plaintiff Khaled Abdalla ("Plaintiff") responded on June 2, 2020. (D.E. No. 15.) Defendant replied on June 17, 2020. (D.E. No. 16.)

For the following reasons, Defendant's Motion is **GRANTED.**

## I. Background

For purposes of the Motion to Dismiss, the facts are taken from the Complaint.

Plaintiff brings the following claims: employment discrimination under the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12111, et seq., employment discrimination

under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et seq., employment discrimination and retaliatory discharge under the Tennessee Human Rights Act, ("THRA"), Tenn. Code Ann. §§ 4-21-101, et seq., employment discrimination and retaliatory discharge under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 12111, et seq., retaliatory discharge based on Tennessee Workers' Compensation Law, Tenn. Code Ann. §§ 50-6-101, et seq., violation of the laws and public policy of the State of Tennessee, and violations of common law. (D.E. No. 1, ¶ 37-41.)

Defendant employed Plaintiff until Plaintiff was terminated on or about June 15, 2019.  (Id. at ¶ 10.)  Plaintiff filed an internal complaint for discrimination in September 2016.  (Id. at ¶¶ 11-12.)  In September 2018, Plaintiff broke his back while working for Defendant.  (Id. at ¶ 13.)  That injury caused Plaintiff to become disabled.  (Id. at ¶14.) He returned to work on January 25, 2019, under restrictions imposed by his doctor. (Id. at ¶ 14-15.) Plaintiff filed for Workers' Compensation and settled his case on May 7, 2019.  (Id. at ¶ 15.)

Plaintiff alleges that he was terminated because of his race, national origin, religion, disability, and in retaliation for his "protected reporting."  (Id. at ¶ 16.)  Plaintiff alleges that he is a Muslim, of Egyptian national origin, and of the Arab race.  (Id. at ¶¶ 24-27.)  Plaintiff alleges that

Defendant was aware of his disability, religion, national origin, and race.  (See id. at ¶¶ 19-28.) Plaintiff also alleges that Defendant discriminated against him because of his age.  (Id. at ¶ 32.)  Plaintiff is more than 40 years old.  (Id. at ¶ 33.)

Plaintiff was replaced by an individual who was younger than 40 and who was not Muslim, Egyptian, Arab, or disabled. (Id. at ¶ 34.)  Plaintiff alleges that Defendant's stated motivation for terminating him is pretextual and that Defendant's true motivations were Plaintiff's disability, religion, national origin, race, age, and retaliation for his injury restriction, Workers' Compensation filing, accommodations, and religious belief.  (Id. at ¶ 35.)

Plaintiff submitted a Charge of Discrimination to the Equal Employment Opportunity Commission (the "EEOC") and received a Right to Sue letter from the EEOC, (D.E. No. 1, ¶ 4.), dated November 12, 2019.  (D.E. No. 1-3.)

Plaintiff filed his Complaint on January 20, 2020.  (D.E. No. 1.)

## II.  Jurisdiction and Administrative Exhaustion

### A.  Sovereign Immunity

This Court does not have subject-matter jurisdiction over Plaintiff's ADA, ADEA, THRA, retaliatory discharge, or common law claims because Defendant is protected by state sovereign immunity.  Plaintiff concedes that Defendant has immunity from

3

claims brought under the THRA, the ADA, and the ADEA.   However, Plaintiff argues that the Court has jurisdiction over his retaliatory discharge claim based on Tennessee Workers' Compensation Law.

The Eleventh Amendment to  the United States Constitution provides that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Federal courts are deprived "of subject-matter jurisdiction when a citizen sues his own State unless the State waives its immunity or Congress abrogates that sovereign immunity."  Russell v. Lundergan-Grimes, 784 F.3d 1037, 1046 (6th Cir. 2015) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984).  The Eleventh Amendment applies to state agencies and departments.  Boler v. Earley, 865 F.3d 391, 409-410 (6th Cir. 2017).  It presents a jurisdictional question.  Russell, 784 F.3d at 1046.  The plaintiff "bears the burden of establishing subject matter jurisdiction of the court over his claim." Whittle v. United States, 7 F.3d 1259, 1262 (6th Cir. 1993) (citing Welsh v. Gibbs, 631 F.2d 436, 438 (6th Cir. 1980)).  A party may assert lack of subject-matter jurisdiction as a defense by motion under Rule 12(b)(1).  Fed.R.Civ.P. 12(b)(1).

Tennessee can waive sovereign immunity.  Article I, § 17 of the Tennessee Constitution provides that "suits may be brought against the State in such manner and in such courts as the Legislature may by law direct."  "[N]o suit against the state may be sustained absent express authorization from the Tennessee Legislature."  Woosley v. Hunt, 932 F.2d 555, 564 (6th Cir. 1991), (citing Greenhill v. Carpenter, 718 S.W.2d 268, 270 (Tenn. Ct. App. 1986).

## 1. THRA

The THRA provides a limited waiver of state sovereign immunity.  Its definition of "employer" includes the state. Tenn. Code Ann. § 4-21-102(5).  The THRA provides that a person may file a complaint alleging discrimination with the Tennessee Human Rights Commission.  Tenn. Code Ann. § 4-21-302.  Tennessee courts may enforce and review orders of the Commission.  Tenn. Code Ann. § 4-21-307.  If the Commission fails to issue an order or schedule a hearing after 180 days, the aggrieved party may petition the Chancery or Circuit Court for an order directing the Commission to act.  Tenn. Code Ann. § 4-21-307.  The THRA also provides that a violation of the THRA supports a civil cause of action in Chancery or Circuit court.  Tenn. Code Ann. § 4-21-311.  Nothing in the THRA waives the state's sovereign immunity in federal court.  See Tenn. Code Ann. §§ 4-21-101, et seq; see also Miller v. Tennessee Department of Human Services, No. :17-

cv-526; 2019 WL 7283128, at *3 (E.D. Tenn. Jan. 16, 2019) ("Federal courts in Tennessee have consistently held that suits against state entities brought by individuals under the THRA in federal court are disallowed by the Eleventh Amendment."). Tennessee is immune from suit in federal court under the THRA. Plaintiff concedes that Defendant is immune from Plaintiff's claims under the THRA. (D.E. No. 15, 7-8.) Plaintiff's THRA claims are **DISMISSED** for lack of subject-matter jurisdiction.

## 2. Tennessee Law and Public Policy and Common Law: Workers' Compensation and Section 9-8-307(h)

Plaintiff argues that the Court has jurisdiction over his common-law retaliatory discharge claim based on Tennessee Workers' Compensation Law. That argument is not well taken. Plaintiff has pled that Defendant violated Tennessee Workers' Compensation Law, Tenn. Code Ann. §§ 50-6-101, et seq, by discharging Plaintiff in retaliation for his filing a Workers' Compensation claim. A plaintiff may bring a claim for retaliatory discharge based on Tennessee Workers' Compensation Law. Clanton v. Cain-Sloan Co., 677 S.W.2d 441 (Tenn. 1984). That claim is a common-law claim. Williams v. City of Burns, 465 S.W.3d 96, 108-109 (Tenn. 2015) (opining that the retaliatory discharge claim recognized by Clanton was an example of a "common-law claim for retaliatory discharge where an employee is discharged in contravention of public policy"). Tennessee has

not waived its sovereign immunity for common-law retaliatory discharge claims based on Workers' Compensation.  Id. at 110 ("the common-law retaliatory discharge claim is available only to private-sector employees").

In his response, Plaintiff argues that he has a claim under Tenn. Code Ann. § 9-8-307(h), which governs the Tennessee Claims Commission.  Plaintiff did not plead a specific cause of action under § 9-8-307(h) in his Complaint.  Section 9-8-307(h) provides that, "State officers and employees are absolutely immune from liability for acts or omissions within the scope of the officer's or employee's office or employment, except for willful, malicious, or criminal acts or omissions or for acts or omissions done for personal gain."  "[S]tate employee" and "state officer" are defined by Tenn. Code Ann. §8-42-101(3), which provides various definitions of a state employee.  All of those definitions speak to individuals, not departments or organizations.  Section 9-8-307(h) "does not extinguish a claimant's right of action but merely immunizes state employees from individual monetary liability."  Shelburne v. Frontier Health, 126 S.W.3d 838, 845 (Tenn. 2003).

Even if Plaintiff had properly pled a claim under § 9-8-307(h), that section would provide no relief.  Section 9-8-307(h) does not create or extinguish a cause of action.  It waives state employees' sovereign immunity for "willful, malicious, or

7

criminal acts or omissions." Tenn. Code Ann. § 9-8-307(h).  It applies to individual employees.  It does not waive Defendant's sovereign immunity.  Plaintiff sues Defendant, a department of Tennessee government.  (D.E. No. 15, ¶¶ 1-2.)  The Complaint names no individual defendants.  (See id.)  The Court does not have subject-matter jurisdiction over Plaintiff's claim under § 9-307(h).

Plaintiff makes no argument that Tennessee has waived Defendant's sovereign immunity from Plaintiff's common-law and public policy claims other than Plaintiff's common-law claim based on Tennessee Workers' Compensation Law.  Plaintiff bears the burden of showing that the Court has subject-matter jurisdiction.  Whittle, 7 F.3d at 1262 (citing Welsh, 631 F.2d at 438).

Plaintiff's claims that Defendant violated Tennessee law and public policy and common law, and specifically Plaintiff's claims based on Tennessee Workers' Compensation Law and Tenn. Code Ann. § 9-8-307(h), are **DISMISSED** for lack of subject-matter jurisdiction.

### 3. ADA and ADEA

Plaintiff's ADA and ADEA claims against Defendant are barred by sovereign immunity.  Congress did not abrogate the states' Eleventh Amendment sovereign immunity when it enacted the ADA or the ADEA.  Kimel v. Florida Bd. Of Regents, 528 U.S. 62, 92

(2000) ("Because the ADEA does not validly abrogate the States' sovereign immunity, however, the present suits must be dismissed."); Bd. Of Trustees of University of Alabama v. Garrett, 531 U.S. 356, 374 (2001) (holding that Congress could not use the Fourteenth Amendment to abrogate state sovereign immunity under the ADA because there was no pattern of discrimination and the remedy was not congruent and proportional to the targeted violation).

Plaintiff concedes that Defendant is immune from Plaintiff's ADA and ADEA claims. (D.E. No. 15, 7-8.) Plaintiff has brought claims of ADA and ADEA violations against a state department in federal court. (D.E. No. 1.) Plaintiff's ADA and ADEA claims are **DISMISSED** for lack of subject-matter jurisdiction.

## B. Title VII

The Court has subject-matter jurisdiction over Plaintiff's Title VII claims. Under 28 U.S.C. § 1331, district courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff asserts a right to relief against Defendant under Title VII for employment discrimination and retaliatory discharge. (D.E. No. 1, ¶¶ 38-39.)

When Congress enacted Title VII, it validly abrogated state sovereign immunity pursuant to the Fourteenth Amendment.

Fitzpatrick v. Bitzer, 427 U.S. 445, 456-457 (1976) (holding Congress could provide for private suits against states under the Fourteenth Amendment); Cox v. Shelby State Community College, 38 Fed. App'x. 500, 505 (6th Cir. 2002) (sovereign immunity for Title VII claims "has been abrogated by Congress"). Under Title VII, "[e]ach United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter." 42 U.S.C. § 2000e-5 (3).

Before bringing a Title VII suit, an employee must exhaust his administrative remedies. Lockett v. Potter, 259 F. App'x 784, 786 (6th Cir. 2008). The employee may sue within 90 days of receiving notice of the EEOC's final decision. Id. That notice is known as a "right to sue" letter. See Winston v. Cargill, Inc., No. 08-2059, 2009 WL 539943 at *4 (W.D. Tenn. March 4, 2009). Exhaustion of administrative remedies is mandatory, but not jurisdictional. Fort Bend Cty., Texas v. Davis, 139 S. Ct. 1843, 1852 (2019).

Plaintiff alleges that Defendant violated Title VII. (D.E. No. 1, ¶¶ 38-39.) Plaintiff received an EEOC "right to sue" letter dated November 12, 2020. (D.E. No. 1-3.) Plaintiff filed his Complaint on January 20, 2020. (D.E. No. 1.) Plaintiff has exhausted his administrative remedies.

## III. Standard of Review

Rule 12(b)(6) provides for the dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).  "To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient to state a claim to relief that is plausible on its face."  Cooper Butt ex rel Q.T.R. v. Barr, 954 F.3d 901, 904 (6th Cir. 2020) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  The factual allegations must be more than speculative. Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level").  The Court considers the plaintiff's complaint in the light most favorable to the plaintiff. Ryan v. Blackwell, 979 F.3d 519, 525 (6th Cir. 2020) (quoting Ziegler v. IBP Hog Mkt., Inc., 249 F.3d 509, 512 (6th Cir. 2001)).  The court accepts as true all factual allegations, but does not accept legal conclusions or unwarranted factual inferences as true.  Theile v. Michigan, 891 F.3d 240, 243 (6th Cir. 2018).  "The plaintiff must present a facially plausible complaint asserting more than bare legal conclusions."  Id. (citing Twombly, 550 U.S. at 556; Ashcroft v. Iqbal, 556 U.S. 662, 677-678 (2009).

To survive the defendant's motion to dismiss, the plaintiff in a Title VII case is not required to establish the prima facie

11

case of discrimination.  <u>Swierkiewicz v. Sorema N.A.,</u> 534 U.S.
506, 510 (2002).  Instead, the "complaint must include only 'a
short and plain statement of the claim showing that the pleader
is entitled to relief.'"  <u>Id.</u> at 512, (quoting Fed.R.Civ.P.
8(a)(2)).  The Supreme Court's decisions in <u>Iqbal</u> and <u>Twombly</u> do
not alter the short and plain statement rule.  <u>Keys v. Humana,
Inc.,</u> 684 F.3d 605, 609 (6th Cir. 2012).  The "plausibility"
standard applies to Title VII claims, and "[i]f a reasonable
court can draw the necessary inference from the factual material
stated in the complaint, the plausibility standard has been
satisfied."  <u>Id.</u> at 610.

**IV.  Analysis**

  **A.  Exhibits Attached to Plaintiff's Response**

  Rule 12(d) provides that, "[i]f on a motion under Rule
12(b)(6) or 12(c), matters outside the pleadings are presented
to and not excluded by the court, the motion must be treated as
one for summary judgment under Rule 56."  Fed.R.Civ.P. 12(d).
The Sixth Circuit takes "a liberal view of what matters fall
within the pleadings for purposes of Rule 12(b)(6)."  <u>Armengau
v. Cline</u>, 7 F. App'x 336, 344 (6th Cir. 2001).  "When a court is
presented with a Rule 12(b)(6) motion, it may consider the
Complaint and any exhibits attached thereto, public records,
items appearing in the record of the case and exhibits attached
to defendant's motion to dismiss so long as they are referred to

in the Complaint and are central to the claims contained therein." Bassett v. Nat'l Collegiate Athletic Ass'n, 528 F.3d 426, 430 (6th Cir. 2008). The Court may consider those documents without converting the motion into a motion for summary judgement. Rondigo, L.L.C. v. Twp. of Richmond, 641 F.3d 673, 681 (6th Cir. 2011).

Plaintiff has attached three exhibits to his response. Exhibit A is the decision of the Board of Appeals of the State of Tennessee reversing the decision to terminate Plaintiff. (D.E. No. 15-1, 1-6.) The Board of Appeals hears appeals by state employees in the preferred service system who challenge their dismissal, demotion, or suspension. Tenn. Code Ann. § 8-30-318. The Board's decision contains no discussion of discrimination. (See id.) It concludes that Plaintiff was fired because he put his hand on the shoulder of another employee, and the firing was reversed because doing so was not a significant violation of Defendant's policies on workplace violence. (Id. at 2-5.) Plaintiff does not refer to the decision in his Complaint. (See D.E. No. 1.) The Court will not consider it in deciding the Motion.

Exhibit B consists of three letters Plaintiff wrote and an email he received about his 2016 internal discrimination complaint. (D.E. 15-2, 1-4.) The three letters are not

mentioned in the Complaint or central to Plaintiff's claims.  In the first letter, Plaintiff said he felt disrespected because another employee used a non-racial epithet in response to a question Plaintiff asked.  (Id. at 1.)  In the second letter, Plaintiff said he believed there was corruption in the Tennessee Department of Corrections and that one person he tried to talk to about it responded rudely.  (Id. at 2.)  The third letter describes an issue Plaintiff had with the assignment of crew members to a project.  (Id. at 3.)  Plaintiff said a fellow employee was trying to find something to get Plaintiff in trouble.   (Id.)   None of the letters is referenced in the Complaint and none is central to the claim of Title VII discrimination based on race, national origin, or religion.  The Court will not consider them.

The email included in Exhibit B is dated August 29, 2016, and says a co-worker has discriminated against Plaintiff based on religion and culture.  (Id. at 4.)  Plaintiff's Complaint refers to this incident. (D.E. No. 1, ¶¶ 11-12.) Discrimination based on race, religion, and national origin forms the basis of Plaintiff's Complaint.  The email in Exhibit B is properly before the Court.

Exhibit C consists of two letters from Plaintiff's fellow employees praising Plaintiff and his contributions at work, and

a 2016 letter from Defendant to Plaintiff awarding him "the Commissioner's *Coin of Excellence* in recognition of [his] outstanding level of service and consistently demonstrating the department's core values." (D.E. No. 15-3, 1-3.)  None of the information in Exhibit C is discussed in the Complaint or relevant to the central claim of Title VII discrimination based on of race, religion, or national origin.

The Court will consider only the email attached as Exhibit B to Plaintiff's response.

### B.   Rule 12(b)(6) Failure to State a Claim

Title VII requires equal opportunity in employment.  42 U.S.C. §§ 2000, et seq.  An employer is prohibited from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. §2000-e2.  The plaintiff has the initial burden of proving a prima facie case of discrimination. Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 252-253(1981). The plaintiff is not required to plead the prima facie case of discrimination in his complaint to survive a motion to dismiss. Swierkiewicz, 534 U.S. at 510.  Retaliation claims under Title VII require the plaintiff to show that the plaintiff's protected activity was the but-for cause of the

alleged adverse action by the employer.  <u>Univ. of Texas Sw. Med.</u>
<u>Ctr. v. Nassar</u>, 570 U.S. 338, 362 (2013).  A plaintiff must plead
a plausible short and plain statement of facts to survive a
motion to dismiss.  <u>See</u> <u>Keys</u>, 684 F.3d at 609-610.

A complaint "must allege sufficient 'factual content' from
which a court, informed by its 'judicial experience and common
sense,' could 'draw the reasonable inference'" that the employer
discriminated against the plaintiff with respect to plaintiff's
compensation, terms, conditions, or privileges of employment,
because of the plaintiff's race, religion, or national origin.
<u>Id.</u>, at 610, (quoting <u>Iqbal</u>, 556 U.S. at 678).  The Court need
not credit "threadbare recitals" of an element necessary to state
the claim.  <u>See</u> <u>White v. Coventry Health & Life Ins. Co.</u>, 680 F.
App'x 410, 415 (6th Cir. 2017).  "This Court is not required to
accept inferences drawn by Plaintiff if those inferences are
unsupported by the facts alleged in the complaint." <u>Sam Han v.</u>
<u>Univ. of Dayton</u>, 541 F. App'x 622, 627 (6th Cir. 2013).

The plaintiff must allege specific facts that can lead to
a reasonable inference that discrimination occurred.  The Sixth
Circuit has held that a plaintiff's allegation that she suffered
harassment because she was "constantly berated" and a supervisor
"degraded and humiliated her" were "naked assertions" that added
"noting to the complaint's sufficiency." <u>White</u>, 680 F. App'x at
416.  Conclusory allegations of discrimination are not sufficient

16

to survive a motion to dismiss.  Han, 541 F. App'x at 626-627.
In Han, the plaintiff alleged that, because of his race and
gender, he was given a negative evaluation by the promotion
committee and was later fired.  Id.  The court held that, because
the plaintiff alleged no facts beyond a conclusory assertion of
discrimination, he failed to state a claim of Title VII
discrimination.  Id. at 627.

In Keys, the plaintiff stated a claim for Title VII
discrimination because she alleged specific instances where she
was treated differently and that other people who shared her
ethnicity were suffering from adverse employment actions despite
their satisfactory performance.  Keys, 684 F.3d at 610.  The
Sixth Circuit concluded that the plaintiff's facts "easily state
a plausible claim."  Id.

Plaintiff here alleges that he suffered discrimination when
he was  terminated "in retaliation for his religion, race,
national origin, and age," but he does not allege any specific
instance that would show the action taken against him was based
on his race, religion, or national origin.  In his Complaint,
Plaintiff asserts generally that Defendant discriminated against
him because of his race, national origin, and religion, and that
Defendant's "true motivation" for terminating Plaintiff's
employment was to discriminate against him based on those
protected categories.  (D.E. No. 1, ¶¶ 16-35.)  Plaintiff alleges

that Defendant was aware of his race, national origin, and religion. (Id. at ¶¶ 22, 25, 28.) Plaintiff alleges that he was replaced by someone who was not Muslim, Egyptian, or Arab. (Id. at ¶ 33.)

Plaintiff's allegations are conclusory assertions that do not state a claim for discrimination under Title VII for discrimination or retaliation. Plaintiff alleges fewer specific facts than the plaintiffs in Han or White, whose cases were dismissed for failure to state a claim. In Han, the plaintiff alleged that he was given a poor evaluation and fired because of his race and gender, but did not provide any specific examples of discrimination. Han, 541 F. App'x at 626-627. In White, the plaintiff's allegations that she was harassed by a supervisor "berating" and "humiliating" her were not sufficiently specific to state a claim. White, 680 F. App'x at 416.

Plaintiff pleads only the naked assertions that he was discriminated against because of race, religion, and national origin. He cites no specific facts supporting his claims of discrimination or allowing the Court to reasonably infer that he was discriminated against because of his race, religion, or national origin. The email from 2016 that Plaintiff has attached to his response offers no details beyond what Plaintiff has pled in the Complaint.

Plaintiff alleges that Defendant violated Title VII by terminating Plaintiff "in retaliation of his Workers' Compensation filing and settlement. . ." Title VII prohibits an employer from discriminating against an individual on the basis "of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The elements of retaliation under Title VII require the plaintiff to demonstrate that: "(1) he engaged in activity protected by Title VII; (2) his exercise of such protected activity was known by the defendant; (3) thereafter, the defendant took an action that was 'materially adverse' to the plaintiff; and (4) a causal connection existed between the protected activity and the materially adverse action." Laster v. City of Kalamazoo, 746 F.3d 714, 730 (6th Cir. 2014) (quoting Jones v. Johanns, 264 F. App'x 463, 466 (6th Cir. 2007)).

Filing a Workers' Compensation claim is not a protected activity under Title VII. Primm v. Dep't of Human Servs., No. 16-6837, 2017 WL 10646487 (6th Cir. Aug. 17, 2017) (citing Davis v. Team Elec. Co., 520 F.3d 1080, 1093 fn 8 (9th Cir. 2008) ("Title VII does not encompass discrimination on the basis of disability"); Jimenez v. Potter, 211 F. App'x 289 (5th Cir. 2006) ("Only those activities listed under Title VII are protected from retaliation, and filing for worker's compensation is not one")). Plaintiff fails to state a claim for retaliatory

discharge under Title VII based on his filing a Workers' Compensation claim because filing a Workers' Compensation claim is not a protected activity under Title VII.

Plaintiff also alleges that Defendant violated Title VII by terminating him in retaliation for filing an internal complaint for discrimination. Plaintiff fails to state a claim for retaliatory discharge because he has not demonstrated any causal connection between the protected activity and his termination. Plaintiff filed his internal complaint for discrimination in September 2016. (D.E. No. 1, ¶ 12.) Defendant terminated Plaintiff on June 15, 2019. (D.E. No. 1, ¶ 10.) Plaintiff alleges no other facts to support his allegation that Defendant terminated him in retaliation for filing his discrimination complaint. Courts require close temporal proximity when proximity is the only evidence of the causal connection necessary to establish a plausible claim of retaliatory discharge under Title VII. Clark Cty. Sch. Dist. v. Breeden, 532 U.S. 268, 273-274 (2001) (holding plaintiff's termination by defendant 20 months after protected action "suggest[s], by itself, no causality at all."); see also Evans v. Prospect Airport Servs., Inc., 286 F. App'x 889, 895-896 (6th Cir. 2008) (holding that there was not a reasonable inference of retaliation when almost a year had passed between the plaintiff's final EEOC filing and his termination); Terry v. Memphis Hous. Auth., 422 F. Supp. 2d

917, 923-924 (W.D. Tenn. 2006) (dismissing claim of retaliatory discharge because one-and-a-half years had passed between the alleged harassment and the alleged retaliatory act); <u>Navarro-Teran v. Embraer Aircraft Maint. Servs., Inc.</u>, 184 F. Supp. 3d 612, 622 (M.D. Tenn. 2016) (dismissing claim for retaliatory discharge because the protected activity and the alleged retaliation took place "a full year apart"). In this case, the 33 months separating Plaintiff's internal complaint from the alleged retaliation does not support the reasonable inference of a causal connection between his protected action and his termination.

Plaintiff's claims under Title VII are **DISMISSED**.

### C.   Amending the Complaint

In his response, Plaintiff conditionally asks to amend his Complaint.  Plaintiff's request is not well taken.

Under Rule 15(a)(1)(B), after a motion to dismiss has been filed, a complaint may be amended only by leave of court. Fed.R.Civ.P. 15(a)(1)(B). Courts should "freely give leave when justice requires." Fed.R.Civ.P. 15(a)(2).  The request to amend a complaint in response to a motion to dismiss, without stating the grounds on which it is sought, is not a motion for leave to amend under Rule 15(a) because the request does not comply with the Rule. <u>PR Diamonds, Inc. v. Chandler</u>, 364 F.3d 671, 699 (6th Cir. 2004) (quotation and citation omitted), abrogated on other

21

grounds by Doshi v. Gen. Cable Corp., 823 F.3d 1032 (6th Cir. 2016).  A court must have the substance of the proposed amendment before it to determine whether "justice requires" an amendment. Roskam Baking Co. v. Lanham Mach. Co., 288 F.3d 895 (6th Cir. 2002).  The Sixth Circuit has held that a district court did not abuse its discretion when it denied the plaintiff's attempt to amend the complaint at a hearing when the plaintiff failed to inform the district court of the facts the plaintiff would use to support the claim.  Beydoun v. Sessions, 871 F.3d 459 (6th Cir. 2017).

Plaintiff's conditional request to amend the Complaint in his response is not a proper motion to amend under Rule 15(a). Plaintiff seeks leave to amend "should the Honorable Court find that the complaint does lack sufficient pleading." (D.E. No. 15, 11.)  Plaintiff also asks that the Court allow Plaintiff to conduct discovery to assist Plaintiff in responding to the Motion.  (Id.)  A conditional request is not an appropriate motion to amend.  Plaintiff has not submitted any amendments he seeks to make or informed the Court of the facts on which he seeks to rely.  (See id.)  The Court does not have the substance of any proposed amendments.  Discovery is not appropriate in deciding a motion to dismiss, which is based on the pleadings.

The conditional request to amend the Complaint in Plaintiff's response does not comply with Rule 15(a).  It is **DENIED.**

## V.   Conclusion

Defendant's Motion is **GRANTED.**   Plaintiff's ADA, ADEA, THRA, Workers' Compensation, Tennessee law and public policy, and common law claims are **DISMISSED** under Rule 12(b)(1). Plaintiff's Title VII discrimination and retaliatory discharge claims are **DISMISSED** under Rule 12(b)(6).   The conditional request to amend the Complaint in Plaintiff's response is **DENIED.** All of Plaintiff's claims against Defendant are **DISMISSED WITH PREJUDICE.**

So ORDERED this 4th day of January, 2021.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE